# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 2, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**REGINA BUCKLEY,**
**WIDOW OF FRED BUCKLEY,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1101** (BOR Appeal No. 2046971)
(Claim No. 930069722)

**DONALDSON MINE COMPANY**
**AND SHREWSBURY COAL COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Regina Buckley, by Robert M. Williams, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Donaldson Mine Company and Shrewsbury Mine Company, by Ann Rembrandt, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated August 28, 2012, in which the Board affirmed a February 22, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's August 12, 2010, decision denying Ms. Buckley dependent's benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Buckley was a tipple operator/coal sampler at Donaldson Mine Company and Shrewsbury Coal Company. Mr. Buckley suffered from occupational pneumoconiosis and was previously awarded a 5% award for occupational pneumoconiosis in 1991. In 1997, an Office of Judges' Order concluded that Mr. Buckley had been fully compensated for his occupational

pneumoconiosis by his previous award. Mr. Buckley underwent a chemical cardioversion for atrial fibrillation and had a left upper lobe wedge biopsy. After the biopsy, Mr. Buckley developed bleeding in the right hemithorax that led to a re-exploration. Mr. Buckley died on July 28, 2008, and Ms. Buckley requested dependent's benefits for Mr. Buckley's death. The Occupational Pneumoconiosis Board found that occupational pneumoconiosis did not play a material contributing role in Mr. Buckley's death. The claims administrator denied Ms. Buckley's application for dependent's benefits based on the findings of the Occupational Pneumoconiosis Board.

The Office of Judges affirmed the claims administrator's decision and held that occupational pneumoconiosis did not cause or contribute to Mr. Buckley's death in a material degree. On appeal, Ms. Buckley asserts that she should be awarded dependent's benefits because occupational pneumoconiosis contributed to Mr. Buckley's death as found by Dominic Gaziano, M.D., and Donald L. Rasmussen, M.D. Donaldson Mine Company and Shrewsbury Mine Company maintain that John Willis, M.D., the Occupational Pneumoconiosis Board's radiologist, stated that the x-ray findings could be consistent with other conditions and that the CT scan established Mr. Buckley did not have occupational pneumoconiosis but rather Usual Interstitial Pneumonia. Donaldson Mine Company and Shrewsbury Mine Company further maintain that the Occupational Pneumoconiosis Board found the opinions of Dr. Rasmussen and Dr. Gaziano were not persuasive or credible and the existence of occupational pneumoconiosis proved to be faulty.

The Office of Judges concluded that Mr. Buckley's death was not caused or contributed to in a material degree by occupational pneumoconiosis based on the findings of the Occupational Pneumoconiosis Board. The Occupational Pneumoconiosis Board testified that the x-ray films revealed idiopathic pulmonary fibrosis and that the CT scan from July 9, 2008, was more convincing that Mr. Buckley had idiopathic pulmonary fibrosis rather than occupational pneumoconiosis. The Occupational Pneumoconiosis Board further testified that Mr. Buckley died from post-operative complications and found the biopsy was negative for occupational pneumoconiosis. Ultimately, the Occupational Pneumoconiosis Board concluded that occupational pneumoconiosis did not cause nor contribute in a material degree to Mr. Buckley's death. The Office of Judges found that Mr. Buckley had non-work-related idiopathic pulmonary fibrosis. The Office of Judges discounted Dr. Rasmussen's and Dr. Gaziano's opinions because the pathologists, including Stephen T. Bush, M.D., and Everett F. Oesterling Jr, M.D., found that occupational pneumoconiosis was not present. The Office of Judges held that occupational pneumoconiosis did not cause or contribute to Mr. Buckley's death in a material degree. The Board of Review reached the same reasoned conclusions in its decision of August 28, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 2, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Margaret L. Workman